**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DONALD BARGER, ) | |
| ) | |
| ) | **Case No.:** |
| Plaintiff, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| MIDLAND FUNDING, LLC, MIDLAND ) | |
| CREDIT MANAGEMENT, INC; and ) | |
| ENCORE CAPITAL GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

DONALD BARGER ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND FUNDING, LLC ("Defendant Midland), MIDLAND CREDIT MANAGEMENT, INC ("Defendant MCM"); and ENCORE CAPITAL GROUP, INC. ("Defendant Encore").

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from unlawful debt collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of Maryland, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiff is a natural person residing in Columbus, Ohio.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Midland is a corporation specializing in debt collection with a business address of 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

8. Defendant MCM is a corporation specializing in debt collection with a business address of 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

9. Defendant Encore is a corporation specializing in debt collection with a business address of 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

10. Defendants are "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendants were acting in concert and attempting to collect an alleged consumer debt from Plaintiff, related to a HSBC credit card from around 1995.

13. The debt arose out of transactions that were primarily for personal, family, or household purposes.

14. As Plaintiff has no business debt, the debt sought by Defendants could only have been for personal purposes.

15. Between January 2013 and June 2013, Defendants' collectors, including "Eric" and "Elskas Cooper," placed repeated harassing telephone calls to Plaintiff's cellular telephone.

16. Defendants' calls originated from numbers, including but not limited to, (800) 265-8825. The undersigned has confirmed that this number belongs to Defendant MCM.

17. Defendants regularly called Plaintiff at least two (2) to five (5) times per day, more than ten (10) times per week, and on weekends with an intent to harass Plaintiff.

18. Plaintiff told Defendants to stop calling him and to send him something in writing, but despite this request Defendants continued to call Plaintiff.

19. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

20. During these telephone calls, Defendants' collectors also threatened to sue Plaintiff for this debt.

21. Upon information and belief Defendants could not sue Plaintiff as this debt was beyond the statute of limitations, and did not intend to take such action.

22. At all times, Defendants acted intentionally to harass, abuse and coerce Plaintiff into paying an alleged debt.

**COUNT I**
**DEFENDANTS VIOLATED §§ 1692d AND 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct in their attempts to collect an alleged consumer debt.

24. Section 1692d(5) of the FDCPA specifically enumerates repeatedly causing a telephone to right with intent to annoy, abuse, or harass as a violation.

25. Defendants violated §§ 1692d and 1692d(5) of the FDCPA when they repeatedly and continuously placed telephone calls to Plaintiff's telephone with the intent to annoy or harass, and when they engaged in other harassing conduct.

**COUNT II**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

27. Defendants violated section 1692f of the FDCPA when they placed repeated harassing telephone calls to Plaintiff, and when they engaged in other unfair or unconscionable conduct.

## COUNT III
## DEFENDANT VIOLATED §§ 1692e, 1692e(5), and 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or mean in connection with the collection of any debt.

29. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take action that cannot legally be taken or that is not intended to be taken.

30. Section 1692e (10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

31. Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA when it threatened to sue Plaintiff for this debt when it could not take such action and did not intend to take such action.

WHEREFORE, Plaintiff, DONALD BARGER, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DONALD BARGER, demands a jury trial in this case.

DATED: 12/30/13

KIMMEL & SILVERMAN, P.C.
By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff (275805)
    Kimmel & Silverman, P.C
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile: (215) 540-8817
    Email: abennecoff@creditlaw.com

Attorney for Plaintiff