IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
DONALD BARGER                    *

         Plaintiff               *

     vs.                         *    CIVIL ACTION NO. MJG-13-3909

MIDLAND FUNDING, LLC, MIDLAND    *
CREDIT MANAGEMENT, INC., and
ENCORE CAPITAL GROUP, INC.       *

         Defendants              *

*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) [Document 6] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Plaintiff, an individual residing in Ohio, sues Defendants, California corporations based in California, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

By the instant motion, Defendants seek dismissal for lack of personal jurisdiction.

A.  Personal Jurisdiction

When a defendant moves pursuant to Rule 12(b)(2) to dismiss a complaint for lack of personal jurisdiction, "the burden [is] on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v.

<u>Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 396 (4th Cir. 2003).  "When, however, as here, a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction."  <u>Id.</u>  In making its determination, the court is to "take all disputed facts and reasonable inferences in favor of the plaintiff."  <u>Id.</u>

Plaintiff's claim is based upon the allegation that "[b]etween January 2013 and June 2013, Defendants' collectors . . . placed repeated harassing telephone calls to Plaintiff's cellular telephone."  Compl. ¶ 15.  Plaintiff does not allege that any relevant action was taken within Maryland or that the effects of any alleged wrongful action were felt in Maryland.  Nor does Plaintiff deny that Defendants are California corporations with their respective principal places of business in that state.

In Maryland, personal jurisdiction may be based upon specific jurisdiction (relating to the particular cause of action) and general jurisdiction.  <u>See</u>, e.g., <u>Bass v. Energy Transp. Corp.</u>, 787 F. Supp. 530, 534 & n.23 (D. Md. 1992).

To exercise specific jurisdiction, the cause of action must "arise[] out of or [be] related to the defendant's contacts with the [Maryland] forum."  <u>Id.</u> at 534 n.23.  Plaintiff has presented nothing to support any claim that specific

jurisdiction exists.  Nothing is alleged to have happened in Maryland, or to have happened out of Maryland with in-state consequences, out of which the claimed cause of action arose.

Regarding general jurisdiction, the Supreme Court of the United States has, this year, clarified the standard for a constitutionally valid exercise of general jurisdiction, stating:

> Goodyear [Dunlop Tires Operations, S.A. v. Brown, 564 U.S. ___, 131 S. Ct. 2846 (2011)] made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."  With respect to a corporation, the place of incorporation and principal place of business are . . . "bases for general jurisdiction." . . .
>
> Goodyear did not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm all-purpose forums. . . .
>
> . . . Accordingly, the inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense "continuous and systematic," it is whether that corporation's "affiliations with the State are so 'continuous and systematic' as to render [the corporation] essentially at home in the forum State."

Daimler A.G. v. Bauman, ___ U.S. ___, 134 S. Ct. 746, 760-61 (2014) (citations omitted).

Taken at face value, Plaintiff's allegations do not present even a colorable contention that this Court could subject Defendants to general jurisdiction.  The fact, if it is a fact, that Defendants have a business location in Maryland with employees is by no means adequate to create a valid basis for general jurisdiction.  To hold otherwise, as Plaintiff suggests, would be to render essentially every entity that has any significant operation in this State to general jurisdiction to the same degree as if Maryland were its principal place of business.

Defendants are entitled to dismiss for lack of personal jurisdiction.

### B.  Transfer

Plaintiff seeks, as an alternative to dismissal of the case, a transfer to the U.S. District Court for the Southern District of California.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ."  28 U.S.C. § 1404(a) (emphasis added).

Plaintiff states that "Defendants . . . do not dispute that

personal jurisdiction in this matter does exist in the . . . Southern District of California." [Document 7-1] at 6.  There is no doubt that, as California corporations, Defendants would be subject to personal jurisdiction within any district within that state, but it is not necessarily true that venue would lie in the Southern District as to each Defendant.

Under the circumstances, the Court will provide an opportunity for Plaintiff to obtain a stipulation, or to file a motion, regarding transfer.

### C. Conclusion

For the foregoing reasons:

1. Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) [Document 6] is GRANTED.

2. By July 18, 2014, Plaintiff may file a motion seeking transfer pursuant to 28 U.S.C. § 1404 or a stipulation agreeing to a transfer.

3. In the absence of a timely motion or stipulation, Judgment shall be entered dismissing the instant lawsuit due to a lack of personal jurisdiction.

SO ORDERED, on <u>Thursday, June 19, 2014</u>.

_____/s/_____
Marvin J. Garbis
United States District Judge
